UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

ERIC J. PHERNETTON,              )
                                 )
              Plaintiff          )
                                 )
        v.                       ) CIVIL NO. 2:11 cv 129
                                 )
MICHAEL J. ASTRUE, Commissioner, )
Social Security Administration,  )
                                 )
              Defendant          )

OPINION AND ORDER

This matter is before the court on the Motion to Dismiss for

Failure to State a Claim on Which Relief Can Be Granted [DE 22]

filed by the defendant, Michael J. Astrue, Commissioner of Social

Security, on September 26, 2011, and the Motion to Show Cause [DE

28] filed by the plaintiff, Eric J. Phernetton, on October 7,

2011.  For the following reasons, the Social Security Adminis-

tration's motion [DE 22] is **GRANTED.**  Because it is not clear

what relief Phernetton is seeking in his Motion to Show Cause and

the motion appears to set forth the merits of Phernetton's claim

and to ask the court to allow his claims to proceed to trial, the

court construes his Motion to Show Cause as part of his response

to the Social Security Administration's Motion to Dismiss.

Background

The plaintiff, Eric J. Phernetton, applied for and was

denied Disability Insurance Benefits, Supplemental Security

Income, and Child's Insurance Benefits by the Social Security Administration.  After receiving notice that his claim was denied, Phernetton requested a hearing before an Administrative Law Judge.  The ALJ conducted a hearing and issued a partially favorable decision on October 23, 2009.  Phernetton never requested a review of the ALJ's decision, and on April 12, 2011, he filed a *pro se* complaint with this court.  In his complaint, Phernetton alleges that the Social Security Administration was negligent in assisting him with the proper paperwork and interfered with his right to relocate to Georgia causing him emotional distress.

The Social Security Administration filed a motion to dismiss on September 26, 2011, arguing that Phernetton failed to exhaust his administrative remedies because he did not appeal the ALJ's decision to the Appeals Council as required by the Social Security Act.  In response, Phernetton submitted two letters and a document entitled "Motion to Show Cause".  In the "Motion to Show Cause", Phernetton explains that he wants back pay, to be allowed to return to Georgia, and damages for emotional distress.

## Discussion

Federal Rule of Civil Procedure 12(b)(6) allows for a complaint to be dismissed if it fails to "state a claim upon which relief can be granted."  Allegations other than those of fraud

and mistake are governed by the pleading standard outlined in Federal Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement" to show that a pleader is entitled to relief. The Supreme Court clarified its interpretation of the Rule 8(a)(2) pleading standard in a decision issued in May 2009. While Rule 8(a)(2) does not require the pleading of detailed allegations, it nevertheless demands something more "than an un-adorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). In order to survive a Rule 12(b)(6) motion, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (*quoting* *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)); *Joren v. Napolitano*, 633 F.3d 1144, 1146 (7th Cir. 2011). This pleading standard applies to all civil matters. *Iqbal*, 129 S.Ct. at 1953.

The decision in *Iqbal* discussed two principles that under-scored the Rule 8(a)(2) pleading standard announced by *Twombly*. *See Twombly,* 550 U.S. at 555, 127 S.Ct. at 1965 (discussing Rule 8(a)(2)'s requirement that factual allegations in a complaint must "raise a right to relief above the speculative level"). First, a court must accept as true only *factual* allegations pled

in a complaint: "[t]hreadbare recitals of the elements of a cause of action" that amount to "legal conclusions" are insufficient. *Iqbal*, 129 S.Ct. at 1949. Next, only complaints that state "plausible" claims for relief will survive a motion to dismiss: if the pleaded facts do not permit the inference of more than a "mere possibility of misconduct," then the complaint has not met the pleading standard outlined in Rule 8(a)(2). *Iqbal*, 129 S.Ct. at 1949-50. *See also* **Brown v. JP Morgan Chase Bank**, 2009 WL 1761101, *1 (7th Cir. June 23, 2009)(defining "facially plausible" claim as a set of facts that allows for a reasonable inference of liability).

The Supreme Court has suggested a two-step process for a court to follow when considering a motion to dismiss. First, any "well-pleaded factual allegations" should be assumed to be true by the court. Next, these allegations can be reviewed to determine if they "plausibly" give rise to a claim that would entitle the complainant to relief. *Iqbal*, 129 S.Ct. at 1949-50; *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 465 (7th Cir. 2010). Reasonable inferences from well-pled facts must be construed in favor of the plaintiff. *Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995); *Maxie v. Wal-Mart Store*, 2009 WL 1766686, *2 (N.D. Ind. June 19, 2009)(same); *Banks v. Montgomery*, 2009 WL 1657465, *1 (N.D. Ind. June 11, 2009)(same).

"As a *pro se* litigant, [a] [p]laintiff is permitted a more lenient standard with respect to his pleadings than that imposed on a practicing attorney." **Cintron v. St. Gobain Abbrassives, Inc.**, 2004 WL 3142556, *1 (S.D. Ind. Nov. 18, 2004). Although the court recognizes that *pro se* litigants face special challenges that litigants represented by counsel do not, *pro se* litigants are not excused from following procedural rules simply because the "rules of procedure are based on the assumption that litigation is normally conducted by lawyers." **Lee v. Wal-Mart Stores**, 1994 WL 899240, *1 (N.D. Ind. Apr. 12, 1994).

> [The court] ha[s] never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel. As we have noted before, "in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of even-handed administration of the law."
>
> **Lee**, 1994 WL 899240 at *1 (*quoting* **Mohasco Corp. v. Silver,** 447 U.S. 807, 826, 100 S.Ct. 2486, 2497, 65 L.Ed.2d 532 (1980))

Phernetton filed a *pro se* complaint explaining that the Social Security Administration did not properly assist him in filing the correct paperwork and interfered with his right to relocate, causing emotional distress. Phernetton requests back pay and compensation for his emotional distress. It is not clear from Phernetton's complaint whether he is requesting review of

5

the ALJ's decision so he may receive Social Security benefits or stating an independent claim for negligence.

The Social Security Administration provides benefits to those individuals who can establish a "disability" under the terms of the Social Security Act. 42 U.S.C. §423(a)(1)(E). A successful claimant must show that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §423(d)(1)(A).

The Social Security Act is the exclusive basis for judicial review in cases arising under the Act. 42 U.S.C. §405(g). To obtain judicial review under the Act, a claimant first must obtain a final decision from the Commissioner of Social Security. 42 U.S.C. §405(g). The term "final decision" is not defined by the Act, however the regulations provide that the claimant must complete the four step administrative appeals process before seeking judicial review. 20 C.F.R. §404.900. *See **Weinberger v. Salfi**, 422 U.S. 749, 767, 95 S.Ct. 2457, 2468, 45 L.Ed.2d 522 (1975).

First, the claimant must file an application for benefits with the Social Security Administration. 20 C.F.R. §§404.902,

416.1402.  The Social Security Administration will consider the

application and issue an initial determination of benefits.  20

C.F.R. §404.902.  If dissatisfied with this determination, the

claimant may ask for reconsideration.  20 C.F.R. §§404.907,

416.1407.  If the claimant receives a second unfavorable deci-

sion, he may request a hearing before an ALJ.  20 C.F.R.

§§404.900, 404.914, 404.916.  The ALJ must conduct a hearing and

issue a written decision.  20 C.F.R. §404.916.  The claimant may

appeal the ALJ's decision to the Appeals Council if he is dissat-

isfied.  20 C.F.R. §§404.967, 416.1467.  The Appeals Council

either will deny the request for review and allow the ALJ's

decision to stand as the final decision of the Commissioner or

will grant the request and issue its own decision.  20 C.F.R.

§§404.981, 416.1481.  The claimant has 60 days from receiving

notice of the Appeals Council's action to file an appeal in the

appropriate federal district court.  20 C.F.R. §§404.900(a),

404.981.  The claimant obtains a judicially reviewable decision

only if he completes the administrative appeals process and

receives a decision by the Appeals Council or a notice from the

Appeals Council denying his request for review of the ALJ's

decision.  20 C.F.R. §§404.981, 416.1482, 422.210.

It is undisputed that Phernetton failed to appeal the ALJ's

decision to the Appeals Council.  By failing to seek review,

Phernetton did not exhaust his administrative remedies and cannot

seek judicial review.  Phernetton has not provided any justifica-

tion to show why he should be permitted to bypass the administra-

tive appeals process.  Absent special circumstances, the court

must yield to the administrative agency to complete review.  To

the extent that Phernetton requests benefits under the Social

Security Act, this court is without authority to review the ALJ's

decision and the Social Security's Motion to Dismiss must be

**GRANTED.**

However, Phernetton's complaint requests relief for actions

unrelated to the denial of benefits itself.  Phernetton complains

that the Social Security Administration was negligent in assist-

ing him with his claim, interfered with his right to relocate to

Georgia, and caused him emotional distress.

The district court has exclusive jurisdiction over civil

actions against the United States where monetary damages are

sought for injury to a person caused by negligence or a wrongful

act or omission by any employee of the government.  28 U.S.C.

§§1346(b), 2679(b)(1).  This authority is derived from the Fed-

eral Torts Claims Act, and it encompasses claims against officers

and employees of any federal agency who were acting within the

scope of their employment at the time of the alleged wrong.  28

U.S.C. §§2672, 2679.  The Federal Tort Claims Act abrogates the

federal government's immunity from suit "under circumstances where the United States, if a private person would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  28 U.S.C. §1346(b)(1).  The court must look to state law to determine the liability of federal agencies for the torts committed by its employees.  *See **Spurgin-Dienst v. United States***, 359 F.3d 451, 455 n.2 (7th Cir. 2004).

As a prerequisite to filing a civil tort action against the United States, the Federal Tort Claims Act provides that the injured person must file a brief notice with the agency, describing the time, place, cause, nature of the injury, and compensation demanded.  The injured person cannot pursue a tort claim until the agency has denied the demand and issued its decision in writing.  If the agency does not respond to a demand within six months, its silence is treated as a denial of the demand.  28 U.S.C. §2675(a).  The district court must dismiss a claim under Rule 12(b)(1) for lack of subject matter jurisdiction if the injured party has not followed this procedure and has not presented notice of the claim to the appropriate agency.  *See **McNeil v. United States***, 508 U.S. 106, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993); ***Goodman v. United States***, 298 F.3d 1048, 1053, 1055 (9th Cir. 2002).

Phernetton did not plead, nor does the record reflect, that he ever provided notice of his tort claims to the Social Security Administration. Although Phernetton is entitled to a liberal construction of his complaint, his *pro se* status does not relieve him of his responsibility to follow the rules. Rule 8(a) demands that the pleadings include a "short plain statement of the grounds for the court's jurisdiction." Failure to provide notice of the potential tort claim deprives the court of jurisdiction and prevents the appropriate jurisdictional allegations from being included in the complaint. Because Phernetton did not provide notice of his tort claim to the Social Security Administration, this court is without jurisdiction and Phernetton's complaint must be **DISMISSED.**

Moreover, Phernetton's complaint states in its entirety "Am disabled, filing suit for damages, and emotional stress as will be stated in my motion." The complaint does not set forth any facts giving rise to his complaint or put the Social Security Administration on notice of the basis for his claims. A complaint must contain sufficient factual matter to show that the claims are plausible, and Phernetton's complaint falls far short of satisfying this standard. *See Iqbal*, 129 S.Ct. at 1949 (explaining that the complaint must plead sufficient factual matter to show that the claims are plausible). Phernetton's complaint

10

contains nothing more than "an un-adorned, the-defendant-unlaw-

fully-harmed-me accusation."  *See **Iqbal***, 129 S.Ct. at 1949.

_____

Based on the foregoing, the Motion to Dismiss for Failure to

State a Claim on Which Relief Can Be Granted [DE 22] filed by the

defendant, Michael J. Astrue, Commissioner of Social Security, on

September 26, 2011, is **GRANTED,** and Phernetton's complaint is

**DISMISSED.**

ENTERED this 10th day of November, 2011

                              s/ ANDREW P. RODOVICH
                                 United States Magistrate Judge